FRANK H. WILDES *vs.* JOUHAR DAPPINIAN.

FEBRUARY 20, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of assumpsit to recover for legal services. It was tried to a justice of the superior court who rendered a decision for the plaintiff for $1,824. The defendant excepted to the decision and the case is here solely on that exception.

The plaintiff's testimony was not as clear as it might have been but it did show that he had handled half a dozen separate litigated matters for defendant. This work extended over a period of several years and consumed considerable of plaintiff's time.

Under date of December 27, 1954 plaintiff sent defendant a bill for $1,600. The defense is a paper dated March 29, 1952 which defendant claims fixed plaintiff's bill at $500. The defendant's daughter testified that at plaintiff's dictation she wrote this paper which purports to be a receipt for $150 and an admission of a balance due of $350 and that he signed it with her pen and ink. The plaintiff flatly denies the whole incident and particularly that it is his signature. The plaintiff's sister testified that sometime after the bill was sent defendant stated in her presence and that of plaintiff that he had agreed to take $500, but that he immediately said: "I never did." She also testified that neither defendant nor the latter's daughter produced the paper dated March 29, 1952 at that time.

The trial justice stated in his rescript that it seemed strange plaintiff should have forgotten that he had signed such a document in view of the fact that he sent the bill for $1,600. He also stated that the words "Frank H. Wildes, Atty." looked like plaintiff's signature but it did not seem to him that they had been written with the same pen and ink as the body of the document. On this state of the record we cannot say that the trial justice was clearly wrong in rejecting this defense.

The defendant argued before us that there was no evidence to support the allowance of the principal sum of $1,-600. It is true that no other lawyer was called to testify as to the reasonableness of the charge and the plaintiff did not in so many words say it was reasonable. However, he did say that the lawyer on the other side of one of the principal matters handled by him charged more. The trial justice may well have considered that this was plaintiff's way of saying that his bill was reasonable.

In *Barry* v. *Kettelle,* 49 R. I. 50, this court stated at page 51: "The value of professional services is a question about which reasonable men may well differ and is one which is exceptionally suitable for determination by a jury." And in *Spencer* v. *Collins,* 156 Cal. 298, the court stated at page 307: "If the jury may form a judgment as to the value of services in opposition to the opinions of experts, it necessarily follows that the testimony of experts is not essential." This is followed by a citation of cases tried by juries, referees and judges. See article in 5 Am. Jur., Attorneys at Law, §191, p. 377.

The case at bar was tried to a justice of the superior court. Certainly a judge is even better qualified than a jury to place a value upon legal services. Compare the rule that juries are particularly qualified to put the dollar sign on pain and suffering—something which is within their own experience.

In view of the foregoing we are of the opinion that inde-

pendent testimony was not necessary here and that the decision of the trial justice on the evidence before him was not clearly wrong.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*William A. Heathman,* for plaintiff.

*Aram A. Arabian,* for defendant.